Nancy VAN ZANT,
Plaintiff-Respondent,

v.

HUMAN DEVELOPMENT CORP.,
Defendant-Appellant.

No. 48429.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 19, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Louis Gilden, St. Louis, for defendant-appellant.

Raymond Howard, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Human Development Corporation (HDC) appeals from a judgment against it for $5075 for breach of an oral contract. We reverse.

Plaintiff was an employee of defendant in its Head Start program. The program is funded by the United States Government and was established by 42 U.S.C. § 9831 et seq. Local agencies receive grant money for operation of the program. 42 U.S.C. 9836–37. The Department of Health and Human Services (HHS) shall prescribe rules and impose conditions governing the award and use of grant money. 42 U.S.C. 9839(c). The HHS terms and conditions of the grant award to HDC provide "... expenditures may not exceed the maximum limits set in the approved budget, subject to allowable flexibility guidelines published by HHS." Requests for amendments in the grant as approved must be requested in writing.

Ms. Van Zant was hired as Assistant Director of the Head Start program on March 16, 1981. At that time she was officially informed of her new position in writing. That document stated the position, the effective date of March 16, 1981, and the salary of $630.00 bi-weekly. Plaintiff signed that document on March 18, 1981. The budget approved by the HHS Regional Office provided for a salary for Assistant Director of $16,380 annually or $630 bi-weekly. Ms. Van Zant testified that prior to being hired she was told orally by the director of HDC that she would receive a salary of $730 bi-weekly. She was aware that salaries had to be those prescribed by the budget and did not dispute that the budget approved by HHS provided for a salary for her position of $630 bi-weekly.

HDC served as an agent of the Federal Government and was bound by its regulations in the expenditure of public monies. Ms. Van Zant was aware of those regulations. HDC's director had no authority to waive them. There was no evidence of the "flexibility guidelines" referred to in the grant. Plaintiff accepted employment after being informed in writing of the salary and knew that her salary was determined by the budget which provided for $630 bi-weekly. The defendant's motion for directed verdict and for judgment in accord with that motion should have been granted.

Judgment reversed.

SNYDER and SATZ, JJ., concur.